# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| REGINALD CUNNINGHAM, | Civil Action No:_____ |
| Plaintiff, | **JURY TRIAL REQUESTED** |
| vs. | |
| NAMAN, LLC, d/b/a WAYFARER MOTEL, d/b/a SEA DUNES OCEAN FRONT MOTEL, and I.G. PATEL, | |
| Defendants. | |

## COMPLAINT

COMES NOW PLAINTIFF, REGINALD CUNNINGHAM, complaining of the Defendants named above, and who alleges and avers before this Honorable Court as follows:

### JURISDICTION AND VENUE

1. This is a civil action for retaliatory discharge, arising under the laws of the United States, specifically the Fair Labor Standards Act, (FLSA), 29 U.S.C. §215(A)(3), and the Whistleblower Protection Act, 15 U.S.C. §2087. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1332.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and 1391(2), because one or more of the Defendants resides in this District and the events leading to the cause of action occurred in this District.

### PARTIES

3. Plaintiff Reginald Cunningham is a citizen of the United States and is a Florida resident who resides in Lakeland, Florida. At all times relevant to this Complaint, Plaintiff

Reginald Cunningham was employed in various capacities by the Defendants Naman, LLC d/b/a Wayfarer Motel ("Wayfarer") and I.G. Patel ("Patel") from September 2020 until his termination on January 5, 2022.

4. Upon information and belief, Defendant Naman, LLC, d/b/a Wayfarer Motel, is a South Carolina limited liability company registered and authorized to do business within the State of South Carolina. Wayfarer Motel is located at 311 North Ocean Boulevard, Myrtle Beach, SC 29577. The owner of the motel, Naman, LLC, is Mr. I G Patel, ("Mr. Patel). Naman, LLC, maintains a registered agent in South Carolina located at 311 North Ocean Boulevard, Myrtle Beach, SC 29577.

## **FACTS**

5. Plaintiff Cunningham was employed by Naman, LLC, d/b/a the Wayfarer Motel, from August 12, 2020 to January, 5, 2022, most recently as a front desk representative.

6. Plaintiff Cunningham was living in Myrtle Beach, SC at the Wayfarer Motel. While living at the Wayfarer Motel, the owner of the motel, Mr. Patel, told Plaintiff that the Wayfarer needed someone to do maintenance at the motel. Plaintiff agreed and began working at the Wayfarer.

7. Around February or March 2021, Mr. Patel told Plaintiff that the Wayfarer needed someone that could always be on the motel grounds and do additional tasks such as the front desk and housekeeping. With this agreement, the added housekeeping Plaintiff would perform would replace any subsequent rental payments. Plaintiff worked for Wayfarer under this agreement until January 2022.

8. Under this agreement, Plaintiff was paid nine dollars ($9.00) an hour for the first forty (40) hours he worked each week as a front desk representative. Mr. Patel paid the first forty

2

(40) hours in compliance with the law. Any hours Plaintiff worked over forty (40), Mr. Patel would pay Plaintiff eight dollars ($8.00) an hour "off the books" as unreported employment.

9.     Plaintiff regularly worked many hours in excess of forty (40). For example, Plaintiff has documentation showing he worked fifty-six (56) hours for one pay period, and Plaintiff was paid one hundred and twenty-eight dollars (16 hours x $8.00 dollars= $128.00).

10.    Upon information and belief, all hourly workers of the Wayfarer Motel and Sea Dunes Ocean Front Motel are paid off the books, in cash, for any hours worked in excess of forty (40).

11.    Upon information and belief, all hourly workers of the Wayfarer Motel are paid at their normal hourly rate minus one dollar for any hours worked in excess of forty (40). As an example, if an employee was paid ten dollars ($10.00) an hour for their first forty (40) hours they worked, that same employee would be paid in cash at a rate of nine dollars ($9.00) an hour for any hours in excess of forty (40).

12.    In November 2021, Plaintiff—while looking to start his own business—discovered wage and hour laws and that Plaintiff was not being paid as required by law. Specifically, Wayfarer Motel had failed to pay Plaintiff at the rate of one-and-a-half times their normal rate of pay for all hours worked in excess of forty (40) hours per work week as required by the Fair Labor Standards Act. Plaintiff should have been paid thirteen dollars and fifty cents ($13.50) for the hours he worked in excess of forty (40).

13.    On December 21, 2021, Plaintiff filed a complaint with the Department of Labor, Wage and Hour Division (DOL WHD) regarding the Defendants' violation of the Wage and Hour laws.  *See* Attachment A, appended to this Complaint.

14. On December 30, 2021, Plaintiff wrote Mr. Patel a letter, stating that Mr. Patel needed to appropriately pay Plaintiff for the overtime he worked.  *See* Attachment B.

15. On January 5, 2022, Plaintiff showed Mr. Patel his December 30, 2021, letter.  Mr. Patel summarily fired Plaintiff. When Plaintiff asked why he was being terminated, Mr. Patel said, "No reason."

16. That same day, Plaintiff emailed the DOL WHD and stated, "The Wayfarer Motel has terminated my employment once they received the letter asking for back wages; would this be retaliation?" See Attachment C.  DOL wrote back shortly thereafter and stated, "Yes, make sure you discuss that with the investigator when he/she contacts you." Id.

17. 15 USC §2087 has an exhaustion of administrative remedy provision. In particular, it gives whistleblowers 180 days to file a retaliation complaint with DOL, and, "If the Secretary has not issued a final decision within 210 days after the filing of the complaint, or within 90 days after receiving a written determination, the complainant may bring an action at law or equity for *de novo* review in the appropriate district court of the United States with jurisdiction..."

18. Plaintiff discussed with the DOL WHD investigator the Defendants' retaliatory action taken against him and is in compliance with 15 U.S.C. §2087(b). *See Harrison v. Roadway*, ARB CASE NO.00-048 ALJ CASE NO. 99-STA-37 (December 31, 2002) ("The ALJ concluded that Harrison filed a valid and timely complaint on July 27, 1998. Preliminary Determination at 5. He reasoned that, although the OSHA representative did not follow the procedure manual's requirements for filing a complaint, the manual is neither a regulation nor a statute. Nor do the STAA regulations pertaining to filing a complaint mandate procedure, form, or content. *See* 29 C.F.R. § 1978.102 (b) ("No particular form of complaint is required.").

4

## Count I - Retaliatory Discharge by Defendants
## in Violation of Section 215(a)(3) of the Fair Labor Standards Act

19. Plaintiff hereby incorporates all previous paragraphs as if restated here verbatim.

20. While employed by Defendants, Plaintiff engaged in protected conduct pursuant to Section 215(a)(3) of the Fair Labor Standards Act, which states that it is a violation for *any person* to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

21. Employees are protected regardless of whether the complaint is made *orally* or *in writing*. Complaints made to the Wage and Hour Division are protected, and most courts have ruled that internal complaints to an employer are also protected.

22. Defendants knew that Plaintiff was engaged in this protected conduct.

23. Defendants terminated Plaintiff because of his protected conduct.

24. As a result of Defendants' Actions, Plaintiff has suffered damages in the nature of lost wages, lost wage-earning opportunity, mental distress, and other special and general damages which shall be established at the trial of this Cause.

**WHEREFORE,** Plaintiff respectfully requests from this Honorable Court the following relief:

(A) An Order entering judgment against Defendants, in Plaintiff's favor;

(B) An Order finding that Defendants are liable to Plaintiff for wrongfully retaliating against her in violation of Section 215(a)(3) of the Fair Labor Standards Act;

(C) For an award of back pay, interest on the back pay, and compensation for any special and general damages sustained as a result of the discrimination, plus attorneys' fees and costs;

(D) For an award of punitive damages; and

(E) Any and all further relief as this Court deems fit in the interest of Justice.

**FURTHER WHEREFORE,** Plaintiff demands a jury trial on all issues set forth herein to the extent permitted by law.

Dated: January 3, 2023						Respectfully submitted:

**POULIN | WILLEY | ANASTOPOULO, LLC**
/s/ *Paul Doolittle*
Paul Doolittle, Esq.
Federal ID No: 6012
Blake G. Abbott, Esq.
Federal ID No: 13354
32 Ann Street
Charleston, SC 29403
(P): (843) 614-8888
(F): (843) 494-5536
Email: pauld@akimlawfirm.com
           blake@akimlawfirm.com

-AND-

**LAW OFFICE OF ROBERT M. TURKEWITZ, LLC**
Robert M. Turkewitz
Federal ID No.: 4902
768 St. Andrews Boulevard
Charleston, South Carolina 29407
(P): (843) 628-7868
(F): (843) 277-1438
Email: rob@rmtlegal.com

-AND-

**KNOWLES LAW FIRM, PC**
Brian M. Knowles, Esquire
Federal ID No.: 9694
768 St. Andrews Blvd., Charleston, SC 29407
(P): (843) 810-7596
(F): (877) 408-107
Email: brian@knowlesinternational.com

**ATTORNEYS FOR THE PLAINTIFF, REGINALD CUNNINGHAM**